**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MAURICE TAYLOR II,

      Plaintiff,

v.                                             Case No. 6:16-cv-2220-Orl-37KRS

ADVENTIST FLORIDA HOSPITAL; DR.
RODRIGO NEHGME; DR. JOHN
CHEESEBREW; DR. STEVEN DAVIS;
CITY OF MAITLAND FIRE CHIEF KIM
NEISLER; RDV SPORTSPLEX, CIGNA
INSURANCE; and ROYAL PHILIPS,

      Defendants.

**ORDER**

This action is before the Court on the *pro se* Plaintiff's Response to Show Cause Order (Doc. 13), filed January 11, 2017.

**BACKGROUND**

On **December 30, 2016**, this Court entered a Show Cause Order, which noted that the Complaint: (1) appears to set forth state law medical malpractice claims, but did not allege facts necessary to support diversity jurisdiction; (2) does not comply with item II.A. of the form complaint by listing "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue"; and (3) does not reference any specific federal authority elsewhere in the Complaint. (*See* Doc. 10.) Hence the Court directed Plaintiff to show cause by written response why this action should not be dismissed for lack of subject matter jurisdiction. (*See id.*) Plaintiff timely filed a handwritten response, which advised that "the Complaint is charged under 18 U.S.C. 1347(A)(1)(2)(B) Healthcare Fraud and 18 U.S.C. 371 Conspiracy." (Doc. 13 ("**Response**").)

## DISCUSSION

"Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a criminal statute." *Hopkins v. Rich*, No. 14-0531-WS-C, 2015 WL 1400837, at *7 (S.D. Ala. Mar. 26, 2015); *see Hunter v. Kalamanson*, No. 5:14-cv-410-Oc-22PRL, 2014 WL 5175902, at *2 (M.D. Fla. Oct. 14, 2014) (dismissing claims that were based on federal criminal statutes that did not provide "a private cause of action to civil litigants"); *Cuyler v. Scriven*, No. 6:11-cv-87-MEF, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011) (dismissing claims that were based on the "indisputably meritless" legal theory that private parties "can seek damages for violation" of a federal criminal statute). Further, federal jurisdiction statutes do "not amount to authorization of a federal private right of action any time a civil plaintiff invokes a federal criminal statute." *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008).

Here, both of the federal statutes cited in the Response—18 U.S.C. §§ 371 and 1347—are criminal statutes and neither explicitly authorizes private civil actions. Because Plaintiff has failed to show cause why this action should not be dismissed for lack of subject matter jurisdiction, this action is due to be dismissed. (*See* Docs. 10, 13.)

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Court does not have subject matter jurisdiction over the claims asserted in Plaintiff's Complaint (Doc. 1); and

2. The Complaint (Doc. 1) is **DISMISSED**.

3. The Clerk of the Court is directed to terminate pending deadlines and

**CLOSE** this file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 12, 2017.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party