UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAURICE O. TAYLOR II,   CASE NO.:  6:16-cv-2220-ORL-37-KRS

    Plaintiff,

vs.

ADVENTIST HEALTH SYSTEM; DR. RODRIGO NEHGME;
DR. JOHN CHEESEBREW; DR. STEVEN DAVIS;
CITY OF MAITLAND FIRE RESCUE DEPT.;
CHIEF KIM NEISLER; RDV PROPERTIES, INC.;
CIGNA CORP.; PHILLIPS HEALTHCARE
INFORMATICS, INC. d/b/a ROYAL PILLIPS,

    Defendants.
_____/

## DEFENDANT'S, RODRIGO NEHGME, M.D., MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, RODRIGO NEHGME, M.D. (hereinafter "Dr. Nehgme"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1) and (5), hereby appears specially for the purpose of filing his Motion to Quash Service of Process, and Motion to Dismiss Plaintiff's Amended Complaint, and as grounds therefor states as follows:

### I.   BACKGROUND

This action arises out of an alleged medical malpractice claim asserted by *pro se* Plaintiff, Maurice O. Taylor II, against multiple Defendants, including Dr. Nehgme.

Plaintiff filed the initial Complaint in this action on December 27, 2016, by utilizing a blank form provided by the Court.  (Doc. # 1).  Although a summons was

issued as to Dr. Nehgme on December 27, 2016 (Doc. # 3), Dr. Nehgme was never served with the initial Complaint.

On the form Complaint, Plaintiff checked the box for "federal question" jurisdiction, but failed to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue." (Doc. # 10). Accordingly, this Court entered an order, *sua sponte*, directing Plaintiff to show cause, by written response, why this action should not be dismissed for lack of subject matter jurisdiction. *Id.*  Subsequently, on January 11, 2017, Plaintiff responded to the Court's Order by indicating that "The Complaint is charged under [18 U.S.C. § 1347] (A)(1)(2)(B) Healthcare Fraud and [18 U.S.C. § 371] Conspiracy." (Doc. # 13).

Following Plaintiff's response, the Court determined that the federal statutes relied upon by Plaintiff were criminal statutes and neither statute explicitly authorized private civil actions.  (Doc. # 15).  Accordingly, on January 12, 2017, the Court determined that it lacked subject matter jurisdiction over the claims asserted in Plaintiff's Complaint and dismissed the Complaint, directing the Clerk of the Court to close the file. *Id.*

Despite this action being dismissed and the file directed to be closed, Plaintiff filed his Amended Complaint on January 17, 2017 (Doc. # 18), without obtaining leave of Court to file the Amended Complaint, and without obtaining a summons to serve the Amended Complaint.  On January 20, 2017, Dr. Nehgme was served with the

Amended Complaint, using a summons issued on December 27, 2016 (Doc. # 3), for service of the initial Complaint.

In the Amended Complaint, Plaintiff again contends that the basis for this Court's jurisdiction is federal question and again cites to [18 U.S.C. § 1347] (A)(1)(2)(B) Healthcare Fraud and [18 U.S.C. § 371] Conspiracy as the basis of subject matter jurisdiction. (Doc. # 18). Without admitting liability or waiving any defenses in this action, Defendant, Dr. Nehgme, brings the present Motion Quash and submits that dismissal of the Amended Complaint is warranted, as this Court lacks subject matter jurisdiction over this action.

## II.     **INSUFFICIENT SERVICE OF PROCESS**

Service of the Amended Complaint on Dr. Nehgme must be quashed, as Plaintiff served an invalid Amended Complaint, using an invalid summons. Because the Court dismissed the initial Complaint on January 12, 2017, and did not grant Plaintiff leave to amend, Plaintiff was not authorized to file the Amended Complaint. Plaintiff did not seek leave to amend, but instead filed the Amended Complaint after the Court had directed the Clerk to close the case.

Further, Plaintiff failed to obtain a summons for serving the Amended Complaint on Dr. Nehgme. Instead, Plaintiff used the summons issued on December 27, 2016, for service of the initial Complaint which was never served on Dr. Nehgme. In the absence of a valid summons for service of the Amended Complaint, Plaintiff's attempted service on Dr. Nehgme on January 20, 2017 is insufficient, invalid, unauthorized, and must be quashed.

### III. LACK OF SUBJECT MATTER JURISDICTION

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991)(stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Even construing Plaintiff's Amended Complaint liberally due to his *pro se* status, the Court must again reach the inescapable conclusion that this Court lacks subject matter jurisdiction over this action.

### a. No Basis for Federal Question Jurisdiction

In the Amended Complaint, Plaintiff contends that the basis of this Court's jurisdiction is federal question, as the following federal statutes are at issue in this case: 18 U.S.C. § 1347 (A)(1)(2)(B) Healthcare Fraud and 18 U.S.C. § 371 Conspiracy. (Doc. # 18). However, in its January 12, 2017 Order, this Court

informed Plaintiff that such federal statutes are "criminal statutes and neither explicitly authorizes private civil action." (Doc. # 15). Specifically, the Court stated:

> "Absent some expression of Congressional intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a criminal statute." Hopkins v. Rich, No. 14-0531-WS-C, 2015 WL 1400837, at *7 (S.D. Ala. Mar. 26, 2015); see Hunter v. Kalamanson, No. 5:14-cv-410-Oc-22PRL, 2014 WL 5175902, at *2 (M.D. Fla. Oct. 14, 2014)(dismissing claims that were based on federal criminal statutes that did not provide "a private cause of action to civil litigants"); Cuyler v. Scriven, No. 6:11-cv-87-MEF, 2011 WL 861709, at *3 (M.D. Fla. Mar. 9, 2011)(dismissing claims that were based on the "indisputably meritless" legal theory that private parties "can seek damages for violation" of a federal criminal statute). Further, federal jurisdiction statutes do "not amount to authorization of a federal private right of action any time a civil plaintiff invokes a federal criminal statute." See Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1303 (11th Cir. 2008).

(Doc. # 15).

Despite this Court's prior warning, Plaintiff has cited to the same federal criminal statutes in his Amended Complaint as the basis for this Court's jurisdiction. The mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, a case "arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. Martinez v. Nienhuis, No. 8:14-cv-2645-T-33AEP, 2014 WL 5439772, at *1 (M.D. Fla. Oct. 21, 2014).

The federal statutes cited in Plaintiff's Amended Complaint do not authorize private civil actions, and accordingly, do not provide a basis for this Court's subject matter jurisdiction. The Court has no obligation to hypothesize a federal claim, even

considering Plaintiff's *pro se* status. See Gibbs v. United States, 865 F. Supp. 2d 1127, 1151 (M.D. Fla. 2012)("The leniency afforded to *pro se* pleadings does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." (internal quotation omitted)). As a result, this Court lacks subject matter jurisdiction over this action based on any federal question.

### a. No Basis for Diversity Jurisdiction

Plaintiff has also failed to establish that this Court has diversity jurisdiction over this action. Federal courts may hear cases based on diversity jurisdiction if the parties are citizens of different states and if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Diversity jurisdiction must exist at the time an action is filed." Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991), *affd sub nom.*, Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994). The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

Here, the Amended Complaint does allege an amount in controversy - $300,000,000.00. (Doc. # 18 at 6). However, Plaintiff has not met his burden of establishing complete diversity among the parties. It is well established that there must be complete diversity of citizenship between opposing litigants. "[D]iversity

6

jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)(italics in original). To that end, the Amended Complaint is devoid of any mention as to the citizenship of each party to this action. See Venture Invs. Props., LLC v. Scottsdale Ins. Co., No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *2 (M.D. Fla. Jan. 21, 2015)("A natural person's citizenship is determined by his or her domicile, or the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.")(internal quotations omitted); Pierson v. Rogow, No. 15-15475, 2016 WL 5929635, at *2 (11th Cir. Oct. 12, 2016)("A corporation is a citizen of its state of incorporation, and of the state where it has its principal place of business."); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)(For purposes of determining diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."). Accordingly, based on the face of the Amended Complaint, the Court should find that the requirements to invoke diversity jurisdiction have not been met.

## IV. CONCLUSION

Based on the arguments set forth above, Plaintiff's insufficient service of process on Dr. Nehgme should be quashed, and the action dismissed, as the Court lacks subject matter jurisdiction, either on the basis of federal question or diversity of citizenship.

WHEREFORE, Defendant, RODRIGO NEHGME, M.D., respectfully requests that this Court enter an Order quashing service of process on Dr. Nehgme, and dismissing the Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2017, I electronically filed the foregoing Notice with the Clerk of Court via the ECF system which will send a notice of electronic filing to all counsel of record. I further certify that a true and correct copy of the foregoing has been furnished via U.S. mail to:

Maurice O. Taylor II (*pro se* Plaintiff)
2504 Reef Court
Orlando, FL 32805

/S/ Andrea L. Diederich
ANDREA L. DIEDERICH
Florida Bar #0052301
Email: aldiederich@mdwcg.com
Marshall, Dennehey, Warner,
Coleman & Goggin
315 E. Robinson Street, Suite 550
Orlando, Florida 32801
Telephone: 407/420-4380
Fax: 407/839-3008
Attorney for Defendant,
RODRIGO NEHGME, M.D.

LEGAL/109109931.v1